IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-324-BO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ERICK TABORA-TABORA | ) | |

This matter is before the Court on the government's appeal of an order denying the government's motion for the detention of defendant pending trial entered by United States Magistrate Judge James E. Gates on October 19, 2017.

## BACKGROUND

Defendant has been charged with illegal reentry of a removed alien in violation of 8 U.S.C. § 1326(a). [DE 1; 14]. On October 19, 2017, Magistrate Judge Gates held a detention hearing and entered an order denying the government's motion for detention and setting conditions of release. [DE 11]. Also on October 19, 2017, Magistrate Judge Gates stayed his order setting conditions of release pending the government's appeal. [DE 12]. The government noticed its appeal on October 20, 2017, [DE 13], and a hearing was conducted before the undersigned on November 28, 2017, at Raleigh, North Carolina. At the hearing, the Court heard testimony from Deportation Officer Robert Ulrey as well as Norma Gutierrez, defendant's wife.

## DISCUSSION

The government may seek revocation of an order entered by a magistrate judge granting pretrial release and the district court reviews the decision of the magistrate judge *de novo*. 18

U.S.C. § 3145(a)(1); *United States v. Clark*, 865 F.2d 1433, 1437 (4th Cir. 1989); *United States v. Williams*, 753 F.2d 329, 332 (4th Cir. 1985).

> Pursuant to the Bail Reform Act, a judicial officer shall detain a defendant pending trial if he finds by clear and convincing evidence "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C.A. §§ 3142(e), (f).

*Clark*, 865 F.2d at 1435–36. A court considers several factors in making this determination, including the nature and circumstances of the offense, the weight of the evidence, the history and characteristics of the defendant, and the nature and seriousness of the danger to any person or the community which would be posed by the release of the defendant. 18 U.S.C. § 3142(g)(1)-(4).

As the government conceded, there is no presumption of detention in this case pursuant to 18 U.S.C. § 3142(e)(3). Although defendant has been charged with a serious crime and the weight of the government's evidence is strong, the government has not satisfied its burden to show that defendant is a flight risk or that he poses a danger to the community. An immigration detainer is currently lodged against defendant, and, according to the government's argument, absent the government's request that the immigration detainer be lifted or stayed, release of defendant in these proceedings will be to the custody of Immigration and Customs Enforcement. Defendant plainly will not be a flight risk or a danger to the community while in immigration custody.

Moreover, should the government elect to request a lifting of the immigration detainer,[1] the Court agrees with the conclusion of Magistrate Judge Gates that defendant's wife would serve as an appropriate third party custodian; Ms. Gutierrez is a naturalized United States citizen with ties to the community and is actively working to help defendant attain legal status in this country.

---

[1] At the hearing, the government did not affirmatively state whether it would seek a lifting of the immigration detainer on defendant should this Court affirm the decision of the magistrate judge.

2

Finally, the government has proffered no evidence that this defendant poses a risk to any person or the community.

## CONCLUSION

It is for these reasons that, after having considered the relevant factors, the Court concludes that Magistrate Judge Gates' denial of the government's motion for detention pending trial was not in error and that defendant is appropriately released to the custody of his wife, Norma Gutierrez, as third party custodian while awaiting trial. The Court adopts all other terms and conditions of defendant's release as set forth in the order of the magistrate judge.

SO ORDERED, this _13_ day of _December_, 2017.

                                             TERRENCE W. BOYLE
                                             UNITED STATES DISTRICT JUDGE